```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                          DALLAS DIVISION

UNITED STATES OF AMERICA,         §
                                  §
                     Plaintiff,   §
                                  § Criminal No. 3:08-CR-338-D(02)
VS.                               §
                                  §
AKBAR MALIK MUHAMMAD,             §
                                  §
                     Defendant.   §
```

### MEMORANDUM OPINION AND ORDER

Defendant Akbar Malik Muhammad ("Muhammad") has filed a March 2, 2009 motion for discovery that seeks several categories of information.[1] Plaintiff United States of America (the "government") opposes Muhammad's motion to the extent he seeks discovery beyond that to which he is legally entitled. The government commits to full compliance with the discovery requirements of Fed. R. Crim. P. 16, 18 U.S.C. § 3500 (the "Jencks Act"), *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, and *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny. The court addresses the components of Muhammad's motion in this

---

[1] On March 16, 2009 the court granted a motion to withdraw filed by Muhammad's prior counsel. On April 13, 2009 the court granted an unopposed motion for continuance filed by Muhammad's codefendant. In that order, the court also continued the deadline for filing pretrial motions. In doing so, it noted that defendant and his codefendant had filed various pretrial motions through prior counsel. It directed that counsel for both defendants advise the court in writing whether they wished to pursue the motions filed by prior counsel or withdraw them. In a June 10, 2009 notice, Muhammad withdrew a motion to suppress but did not withdraw the motion for discovery. The court now decides the remaining motion.

memorandum opinion and order.

I

*Request for Documents*

Of the 17 categories of discovery requested in Muhammad's motion, 11 pertain to documents and similar information.[2] *See* Categories 4-12, 16-17.  Specifically, he seeks disclosure of (category numbers shown in parentheses): (4) the names of the lenders who stand to lose if the mortgages are not paid, and (7) identification of all liens which the indictment refers to as false and any documentation that supports this allegation.  He seeks production of (5) documents relating to the employment, income, and assets of alleged straw borrowers, if the government is taking the position that these figures on the loan application are incorrect; (6) review appraisals by any lender identified in the indictment as a victim; (8) any documents that evidence that any alleged straw purchaser did not understand the obligation incurred by signing the loan documents; (9) documentation showing that loan funds were used for down payments; (10) any summaries, charts, or other demonstrative evidence that the government intends to use at trial; (11) documentation relating to the allegation that alleged straw purchasers did not have sufficient income to repay the loan; (12)

---

[2]Some categories request that the government disclose such information as the names of lenders and the identification of liens.  The court includes these categories in its discussion of his document discovery requests.

documentation relating to the allegation that false invoices were submitted for work completed and/or services rendered; (16) all documentation relating to the securitization of any of the loans identified in the indictment; and (17) all documentation of marketing for sub-prime loans by any lender identified in the indictment.

In its brief, the government explicitly agrees to permit Muhammad to inspect and copy any papers, documents, photographs, or tangible objects that are within the possession, custody, or control of the government, and that are material to the preparation of Muhammad's defense, or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to Muhammad.

To the extent the government has agreed to the production Muhammad seeks, the court denies the motion as moot. Insofar as the government has not agreed to the production requested, to the extent disclosure is required by a provision of Rule 16, *Brady*, or *Giglio*, the motion is granted; otherwise, it is denied.

II

*Request for Statements of Alleged Coconspirators
and Other Witnesses*

Muhammad moves for the production of the following categories of statements (category numbers shown in parentheses): (1) witness statements of alleged straw borrowers relevant to the indictment, (2) statements from original sellers, and (3) statements of alleged

- 3 -

coconspirators that are adverse to him.

To the extent the government has agreed to the production Muhammad seeks, the court denies the motion as moot. Insofar as the government has not agreed to the production requested, to the extent disclosure is required by a provision of Rule 16, *Brady*, or *Giglio*, the motion is granted; otherwise, it is denied.

The Jencks Act and Rule 16(a)(2) do not provide for pretrial discovery of statements made by prospective witnesses, including coconspirators. *See* Rule 16(a)(2) ("Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [the Jencks Act]"); *United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988) ("[T]he Jencks Act explicitly provides that statements of witnesses, or prospective witnesses, including coconspirators, are not discoverable until after the witness testifies[.]"); *id.* (holding that fact that coconspirator's statements are viewed as statements by defendant under Fed. R. Evid. 801(d)(2)(E) does not make them discoverable under Rule 16(a)(1)(A) or (B)). And Rule 26.2 only applies to witnesses who actually testify. *See* Rule 26.2 (providing that rule applies "[a]fter a witness other than the defendant has testified on direct examination"). Therefore, while the government must comply with The Jencks Act and Rule 26.2 in accordance with their terms, it need not make pretrial disclosures except as required under Rule

16, *Brady*, or *Giglio*.

III

*Request for* Giglio *Disclosures*

Muhammad moves the court to direct the government to produce three categories of evidence that would impeach or undermine the credibility of government witnesses. Specifically, Muhammad requests disclosure of the following categories (category numbers shown in parentheses): (13) any consideration paid to any government witness, such as review appraisers; (14) any consideration given by the government to any witness, including Alex Painson, whether oral or in writing, as an inducement to cooperate; and (15) any evidence in the possession or known by the government that could be used to impeach any government witness.

The government agrees to produce all evidence that would constitute impeachment of government witnesses, including any evidence tending to show payments or inducements made by the government, any statement of any government witness that is inconsistent with his accusatory statement that led to the indictment or with testimony at trial, and any specific instances of conduct of any government witness that would tend to show character of untruthfulness.

To the extent the government has agreed to the production Muhammad seeks, the court denies the motion as moot. To the extent the government has not agreed to the production requested, the

court grants the motion to the extent disclosure is required by a provision of Rule 16, *Brady*, or *Giglio*; otherwise, it is denied.

                                    IV

Except to the extent the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply no later than August 24, 2009 with its disclosure and discovery obligations imposed by this order and by the government's agreement to produce what Muhammad has requested.  Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the government must disclose such statements no later than the end of the business day that precedes the date on which Muhammad will begin his cross-examination of a witness.

**SO ORDERED.**

August 12, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE